# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

**SUBRANNI ZAUBER LLC**
750 Route 73 South, Suite 307B
Marlton, New Jersey 08053
(T) 856-985-3086  (F) 609-345-4545
*Attorneys for Plaintiff, Chapter 7 Trustee, Thomas J. Subranni*
By:   Margaret A. Holland, Esquire (4707)
      Christina M. Dewland, Esquire (2786)

| | |
|---|---|
| In Re:<br><br>MID-ATLANTIC INSULATION, LLC.,<br><br>                    Debtor | Case No.: 17-33474-JNP<br><br>Chapter 7<br><br>Hon. Jerrold N. Poslusny, Jr. |
| THOMAS J. SUBRANNI, as Chapter 7 Trustee for the Debtor Estate of Mid-Atlantic Insulation, LLC.,<br><br>                    Plaintiff.<br><br>v.<br><br>BUILDING SPECIALTIES, INC.<br><br>                    Defendant. | Adversary No.: |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §§ 502(d) & 502(j)

Thomas J. Subranni, Chapter 7 Trustee for Mid-Atlantic Insulation, LLC., (the "Debtor"), by and through his counsel, SUBRANNI ZAUBER, LLC, brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers pursuant to 11 U.S.C. §§547 and 550, and disallowance of claims pursuant to 11 U.S.C. §502. To the extent that the Defendant (defined below) has filed a proof of claim or has a claim listed on the Debtor's schedule as undisputed, liquidated, and not contingent, or has otherwise requested payment from the

1

Debtor's or the Debtor's chapter 7 estate (collectively, the "Existing Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's (as defined herein) right to object to such Existing Claims for any reason, including, but not limited to, 11 U.S.C. §§ 502(a) through 502(j) ("Section 502"), and such rights are expressly reserved. Notwithstanding the foregoing reservation of rights, certain relief pursuant to Section 502 may be sought by the Trustee, as set forth herein. The Trustee alleges as follows:

## JURISDICTION AND VENUE

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee (defined below) seeks to avoid and recover, pursuant to Sections 547 and 550 of the Bankruptcy Code, certain preferential transfers that the Debtor made, or caused to be made, to the Defendant.

## PARTIES AND BACKGROUND

5. Plaintiff is Thomas J. Subranni, Chapter 7 Trustee (the "Trustee") for the Estate of the Debtor.

6. Upon information and belief, Building Specialties, Inc., (the "Defendant") is a company incorporated under the laws of the State of Pennsylvania, whose principal place of business is located at 111 Titus Avenue, Warrington, PA 18976.

7. On November 20, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under chapter 7 of title 11 of the Bankruptcy Code.

8. On November 30, 2017, the Office of the United States Trustee appointed Thomas J. Subranni as Chapter 7 Trustee.

**COUNT ONE**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

9. The Trustee repeats and re-alleges the allegations contained in all of the proceeding paragraphs of this Complaint as if the same were set forth herein at length.

10. On or within ninety (90) days before the date of the filing of the Petition (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposits, credits, offsets or otherwise to certain entities, including the Defendant.

11. The Trustee has completed an analysis of all information of the Debtor readily available to him and is seeking to avoid all transfers of an interest of the Debtor's property made by the Debtor during the Preference Period.

12. The Debtor transferred and/or caused to be transferred, to or for the benefit of the Defendant in the form of one or more transfers of property, either by checks, cashier checks, wire transfers, direct deposits, credits, offsets or otherwise, and/or transfers of goods in, at least, the total amount of $41,998.96, in payment of invoices for goods and/or services provided by the Defendant to the Debtor, as more specifically set forth below (the "Transfers"):

| Check # | Check Date | Clear Date | Check Amount | Bank | Bank Acct # | Totals |
|---|---|---|---|---|---|---|
| Bank Ck #44285 | 9/6/17 | 9/8/17 | $6,998.96 | Battman-Columbia Bank | xx3483 | |
| AmEx Acct. | 9/25/17 | 9/25/17 | $25,000.00 | Acct. Ending 7-01005 | | |
| AmEx Acct. | 11/17/17 | 11/17/17 | $10,000.00 | Acct. Ending 7-01005 | | $41,998.96 |

13. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers of property of the Debtor that were made to the Defendant prior to and during the Preference Period or after the Petition Date. It is the Trustee's intention to avoid and recover all transfers of property of the Debtor that were made to the Defendant or any other transferee prior to or during the Preference Period or after the Petition Date. The Trustee reserves the right to amend this Complaint to include: (a) further information regarding the Transfers, (b) additional transfers of the Debtor's property, (c) modification of and/or revisions to the Defendant's name, state of incorporation or formation and place of doing business, (d) additional defendants, and/or (e) additional causes of action (including, but not limited to, additional causes under Chapter 5 of the Bankruptcy Code) (collectively, the "Additional Claims"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Additional Claims to relate back to this Complaint.

14. Each of the Transfers constituted a transfer of an interest in property of the Debtor.

15. The Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of Section 101(10)(A) of the Bankruptcy Code. The Transfers were made, or caused to

be made, for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the date on which such Transfer was made. Each Transfer was made in satisfaction of the Debtor's obligations pursuant to a contract (oral or written) between the Debtor and the Defendant, and was payment for goods previously delivered and/or services previously performed by the Defendant on behalf of the Debtor. Included in the chart in paragraph 12 above are those debts paid by the Transfers, to the extent that such information is correct in the Debtor's records and is currently known to the Trustee.

16. The Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

17. The Transfers were made while the Debtor was insolvent. The Debtor is presumed to be insolvent pursuant to Section 547(f) of the Bankruptcy Code at the time each Transfer was made. Additionally, the Trustee reviewed the Debtor's records and determined that the Debtor was insolvent at the time each Transfer was made.

18. The Transfers enabled the Defendant to receive more than it would have received if the cases were cases under chapter 7 of the Bankruptcy Code, if the Transfers had not been made and if the Defendant received payment of the debt(s) relating to each such Transfer to the extent provided by the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case, as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets such that unsecured creditors will not receive a full payout of their respective claims from the Debtor's bankruptcy estate.

19. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

20. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

21. Pursuant to Section 547(b) of the Bankruptcy Code, the Trustee may avoid the Transfers.

22. The Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

23. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of the Debtor the Transfers, or the value of the Transfers, from the Defendant.

## COUNT THREE
### (Disallowance of all Existing Claims Pursuant To 11 U.S.C §§ 502(d) and 502(j))

24. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

25. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

26. The Defendant is a transferee of all of the Transfers, and has not turned over the Transfers, for which the Defendant is liable under Section 550 of the Bankruptcy Code.

27. Pursuant to Section 502(d) of the Bankruptcy Code, any and all Existing Claims of the Defendant and/or its assignee, against the Debtor's chapter 7 estate or the Trustee must be disallowed until such time as the Defendant pays to the Trustee and amount equal to the aggregate amount of the Transfers, plus interests thereon and costs.

28. Pursuant to Section 502(j) of the Bankruptcy Code, any and all Existing Claims of the Defendant, and/or its assignee, against the Debtor's estate or the Trustee previously allowed by the Debtor or the Trustee, must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfers.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in its favor and against the Defendant:

(a) declaring that the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period, or during the one year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) to the Defendant constitute avoidable preferential transfers pursuant to Section 547 of the Bankruptcy Code;

(b) avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period, or during the one year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) and directing and ordering that the Defendant return to the Trustee, pursuant to Section 550 of the Bankruptcy Code, the full value of, and awarding judgment against the Defendant in an amount equal to (i) the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period, or during the one year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal), and requiring the Defendant to immediately pay the foregoing to the Trustee; (ii) pre-judgment and post-judgment interest from the date the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period, or during the one year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) were made through the date of

the payment at the maximum legal rate; and (iii) the Trustee's attorneys' fees and costs incurred in this suit;

(c)  if the Defendant has an Existing Claim, then disallowing the Existing Claim pursuant to Sections 502(d) and 502(j) of the Bankruptcy Code until such time as (i) the Defendant turns over to the Trustee any property deemed recovered pursuant to Section 550 of the Bankruptcy Code, and/or (ii) the Defendant has paid the amount for which the Defendant is liable pursuant to Section 550 of the Bankruptcy Code; and

(d)  awarding the Trustee such other and further relief as may be just and reasonable.

**SUBRANNI ZAUBER LLC**
*Attorneys for Chapter 7 Trustee, Thomas J. Subranni*

By:  /s/ *Margaret A. Holland*
Margaret A. Holland, Esq.

Dated: February 15, 2019